## Richmond

### DANIEL BRUCE LARGIN v. COMMONWEALTH OF VIRGINIA.

October 14, 1974.

Record No. 730828.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Robert T. Wandrei (Radford & Wandrei,* on brief), for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Poff, J., delivered the opinion of the court.

On the testimony of the arresting officer and Mrs. Carolyn Folden, an admitted accomplice, Daniel Bruce Largin was convicted by a jury of statutory burglary and, in accordance with the verdict, was sentenced to 20 years in the penitentiary. On direct examination, Mrs. Folden, who had previously been convicted on a guilty plea as Largin's accomplice and was awaiting sentencing, testified that she had participated with Largin in the burglary; that she was not divorced from her husband; that Largin had fathered her month-old child; and that

she was still in love with Largin. On cross-examination, she testified that Largin "may have" told her that he did not want to marry her; that her attorney had told her that the Commonwealth would recommend a suspended sentence in her case; and that she was "hoping for that."

Under the limited writ of error, Largin contends that the trial court erred "in admitting into evidence the allegation of Carolyn Folden that Daniel Bruce Largin was the father of her illegitimate child." Largin argues that a witness is presumed to be truthful; that this presumption subsists until his truthfulness is attacked; and that the general rule is that until a witness is impeached, evidence designed to enhance his credibility is inadmissible. Conceding the general rule, the Commonwealth argues that when the witness is an accomplice the rule does not apply.

We agree with the Commonwealth. As we said in *Blount* v. *Commonwealth*, 213 Va. 807, 810, 195 S.E.2d 693, 695 (1973), "[a]lthough the jury may convict an accused upon the unsupported testimony of an accomplice, such evidence should be received and acted upon with great caution." This is so because, in the words of the instruction granted at Largin's request, "the source of such evidence is tainted with the temptation to exculpate [oneself] by laying the crime upon another". When a witness confesses complicity in the criminal act with which the defendant is charged, or when his complicity is otherwise shown, the presumption of truthfulness no longer prevails, the witness stands impeached, and evidence enhancing credibility, if otherwise competent, is admissible.

But Largin insists that the evidence used to enhance Mrs. Folden's credibility was incompetent for other reasons. He says that it was irrelevant and that it "had the effect of accusing the defendant of committing the misdemeanor of fornication, showing him to be a person of poor moral character."

We hold that Mrs. Folden's testimony that Largin was the father of her illegitimate child tended to show a bias in favor of the defendant and was therefore relevant to enhance the credibility of her testimony incriminating the defendant. Relevance was not impaired by the fact that the act of conception occurred some ten months before the testimony was given, because the witness testified that she was still in love with Largin.

Whether, when the charge is other than a sexual offense, evidence of illicit sexual relations between a witness and a defendant is competent depends upon the probative function it serves. In *Adams* v. *Commonwealth*, 201 Va. 321, 111 S.E.2d 396 (1959), such evidence was adduced by the Commonwealth on cross-examination of the defendant and the wife of the deceased. We rejected Adams' claim of prejudice and ruled that the Commonwealth's questions "related to the credibility of these witnesses and the weight which should be given their testimony, and they were admissible for that purpose." 201 Va. at 326, 111 S.E.2d at 399-400. *See also Rasnake* v. *Commonwealth*, 135 Va. 677, 702, 115 S.E. 543, 551 (1923), where we affirmed the rule announced in homicide cases that evidence of "the illicit relations of a witness to the deceased . . . is always admissible, as tending to show the bias of the witness, whether elicited upon the examination or cross-examination of the witness." While in both *Adams* and *Rasnake* the probative function of the evidence was to *impeach* the witness' credibility, the logic of the rule applies with equal force when the probative function is to *enhance* the witness' credibility.

Such was the primary probative function here. For that function, the evidence was competent. Where the *sole* probative function served by evidence of former criminal conduct unrelated to the crime charged is to show the defendant's general propensity to engage in criminal activities, the evidence is incompetent. *See Day* v. *Commonwealth*, 196 Va. 907, 86 S.E.2d 23 (1955); *Dean* v. *Commonwealth*, 189 Va. 426, 53 S.E.2d 141 (1949). But where such evidence also serves another probative function for which it is competent, admission of the evidence is within the sound discretion of the trial judge. If he determines that the evidence is admissible, he must, upon request, grant an appropriate instruction cautioning the jury not to consider it for any purpose other than the purpose for which it is competent.

Here, that purpose was to enhance the credibility of Mrs. Folden's testimony incriminating the defendant. The primary probative function of her testimony concerning her intimate relationship with the defendant was to show her bias in favor of the defendant flowing from that relationship, not to show defendant's illegal act in participating in that relationship. The trial judge determined that the value of that probative function

outweighed any incidental prejudicial effect the evidence may have had. We cannot say that he abused his discretion. And since Largin made no request for a cautionary instruction, its omission does not constitute reversible error. *See Blount* v. *Commonwealth, supra,* 213 Va. at 811, 195 S.E.2d at 696 (1973).

Accordingly, the judgment is

*Affirmed.*