COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


BRANDON LAVON LEWIS

                                                            OPINION BY
v.        Record No. 0977-03-2                    JUDGE ROBERT P. FRANK
                                                            JUNE 1, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Thomas V. Warren, Judge

Charles C. Cosby, Jr. (Boone, Beale, Cosby & Long, on brief), for
appellant.

Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; Jennifer R. Franklin, Assistant Attorney
General, on brief), for appellee.


Brandon Lavon Lewis (appellant) was convicted in a jury trial of four counts of

attempted robbery, in violation of Code § 18.2-58.  On appeal, he contends the trial court erred in

failing to sustain his objection to "improper impeachment," failing to give a cautionary

instruction following the "improper impeachment," and failing to grant a mistrial.  Appellant

also maintains the evidence was insufficient to convict him of one of the attempted robbery

counts.  While we find the trial court did not err in its decision regarding the impeachment

evidence, we agree with appellant that the evidence was insufficient to convict him of the

attempted robbery of Luis Sanchez.  Therefore, we affirm three of the convictions and reverse

the conviction of attempted robbery of Luis Sanchez.

I.  Impeachment Evidence

Appellant contends the trial court erred in failing to timely sustain his objection to the

Commonwealth's cross-examination of El Hajj Jones, one of appellant's alibi witnesses.  He further

maintains the trial court erred in failing to give the jury a cautionary instruction regarding this "improper impeachment."[1] Additionally, appellant argues the trial court erred in not granting his motion for a mistrial based on his objection to the impeachment questions asked during cross-examination.[2]

Our threshold inquiry for resolving these issues is whether the Commonwealth's cross-examination of Jones was "improper impeachment." El Hajj Jones testified, as a witness for the defense, that appellant was elsewhere at the time of the attempted robberies. On cross-examination, Jones admitted he and appellant had been good friends for "a long time." Jones also admitted he had been convicted of distribution of cocaine. The prosecutor followed this disclosure by asking Jones, "Is that your connection [to appellant]?" Appellant objected, but did not ask for a mistrial or an instruction of the jury. The trial court overruled the objection, and Jones responded to the question, claiming his connection to appellant had nothing to do with selling cocaine. Appellant again objected, maintaining the Commonwealth was inferring appellant was involved in drugs. The trial court again overruled the objection and allowed the Commonwealth to

---

[1] Appellant may have been entitled to a cautionary instruction. However, we do not address this aspect of the question presented because appellant never requested a cautionary instruction at trial.

> It is well-settled that errors assigned because of a prosecutor's allegedly improper comments or conduct during argument will not be considered on appeal unless an accused timely moves for a cautionary instruction or for a mistrial. The motions must be made timely if the accused desires to take advantage of his objection on appeal.

Cheng v. Commonwealth, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990).

[2] Appellant also argues the Commonwealth did not lay a "proper foundation" for the impeachment questions. However, he provides no legal authority suggesting that a foundation is required before asking a witness about a prior conviction. Therefore, we will not consider the question on appeal. Rule 5A:20(e); see Novak v. Commonwealth, 20 Va. App. 373, 389-90, 457 S.E.2d 402, 410 (1995) (noting this Court will not consider an appellant's unsupported argument).

continue. The trial court sustained appellant's objection when the Commonwealth began asking Jones why he sold cocaine. Appellant then asked that the jury be excused so he could move for a mistrial. The trial court did not remove the jury, but indicated appellant could argue the motion "later." Appellant never asked for a cautionary instruction.

After appellant rested, he moved for a mistrial, arguing the jury "has been tainted with the inference that somehow or another my client was involved in drug dealing . . . by association." In overruling appellant's motion for a mistrial, the trial court found the Commonwealth properly probed the extent of the relationship between appellant and Jones, thus allowing the fact finder to determine whether or not Jones was biased.

The right to cross-examine witnesses to show bias or a motive to fabricate, "when not abused, is absolute." Banks v. Commonwealth, 16 Va. App. 959, 962, 434 S.E.2d 681, 683 (1993). "Inquiries of this nature are always relevant, and the fact[ ]finder should consider the evidence of bias and motivation in assigning the weight to be accorded to the testimony of the witness." Speller v. Commonwealth, 2 Va. App. 437, 443, 345 S.E.2d 542, 546 (1986).

> Evidence of specific acts of misconduct is generally not admissible in Virginia to impeach a witness' credibility. Clark v. Commonwealth, 202 Va. 787, 789-90, 120 S.E.2d 270, 272 (1961). However, where the evidence, as here, is relevant to show that a witness is biased or has a motive to fabricate, it is not collateral and should be admitted. "[A]ttempting to introduce evidence of prior misconduct, for which there has been no criminal conviction, to impeach a witness' general character for truthfulness differs from attempting to introduce such evidence to show that a witness is biased or motivated by self interest in a particular case." Commonwealth v. Shands, 338 Pa. Super. 296, 302, 487 A.2d 973, 976 (1985).

Banks, 16 Va. App. at 963, 434 S.E.2d at 683-84. We will overturn a trial court's ruling for failure to grant a mistrial only if, as a matter of law, "the defendant's rights are so 'indelibly prejudiced' as to necessitate a new trial." Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990).

Corvin v. Commonwealth, 13 Va. App. 296, 411 S.E.2d 235 (1991), is dispositive here. Corvin was charged with forcible sodomy. One of his witnesses testified as to matters inconsistent with the victim's testimony. Id. at 298, 411 S.E.2d at 237. On cross-examination, Corvin's witness admitted he was an "intimate friend" of the defendant, and they had engaged in "sexual relations." Id. The trial court allowed this questioning as relevant to determining the witness' possible bias. Id. at 300, 411 S.E.2d at 238. Corvin's argument on appeal is identical to appellant's position here, i.e., the cross-examination "indicated to the jury a likelihood that he had engaged in other criminal activity," which is generally inadmissible under Virginia law. Id. at 299, 411 S.E.2d at 237.

We held in Corvin:

> This evidence, however, was admitted solely for the purpose of revealing the witness' possible bias in favor of the defendant and "bias of a witness is always a relevant subject of inquiry when confined to ascertaining previous relationship, feeling and conduct of the witness.'" Henning v. Thomas, 235 Va. 181, 188, 366 S.E.2d 109, 113 (1988) (quoting Henson v. Commonwealth, 165 Va. 821, 826, 183 S.E. 435, 437 (1935)). "'[O]n cross-examination, great latitude is allowed and . . . the general rule is that anything tending to show the bias on the part of a witness may be drawn out.'" Id.
>
> In Adams v. Commonwealth, 201 Va. 321, 111 S.E.2d 396 (1959), the defendant also argued that the trial court erred in admitting evidence of "prior criminal acts of sexual immorality" by defendant and a defense witness. Id. at 326, 111 S.E.2d at 399. The Court held that, since the inquiries "concerned the relations of these two persons to each other," they "related to the credibility of these witnesses and the weight which should be given their testimony, and they were admissible for that purpose." Id. at 326, 111 S.E.2d at 399-400.
>
> Similarly, in Patterson v. Commonwealth, 222 Va. 653, 283 S.E.2d 212 (1981), the Court held that the testimony of a witness which referred to prior unrelated crimes of the defendant was admissible because "[i]t was not offered, as defendant suggests, as affirmative evidence to show defendant committed the crimes with which he

was charged" but "was directed to the issue of [the witness'] credibility." Id. at 663, 283 S.E.2d at 218.

Id. at 300, 411 S.E.2d at 238.

We conclude the cross-examination of Jones, based on the relationship between him and appellant, was proper impeachment. Thus, the trial court did not err in failing to sustain appellant's objection to this line of cross-examination or in failing to grant a mistrial. Additionally, as Jones denied that his relationship with appellant was based on the distribution of cocaine, we cannot find as a matter of law that appellant was "indelibly prejudiced." Spencer, 240 Va. at 95, 393 S.E.2d at 619.

## II. Sufficiency of the Evidence

Appellant challenges the sufficiency of the evidence to convict him of the attempted robbery of Luis Sanchez.[3] He concedes this argument is procedurally defaulted under Rule 5A:18, but contends a "manifest injustice" occurred in this conviction.

> "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)); see also Rule 5A:18.
>
> However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

---

[3] Appellant does not argue the evidence was insufficient to support the other three counts of attempted robbery.

- 5 -

> In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense . . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Id. at 221-22, 487 S.E.2d at 272-73 (emphasis in original). Michaels v. Commonwealth, 32 Va. App. 601, 607-08, 529 S.E.2d 822, 825-26 (2000). In examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.

Appellant argues that a miscarriage of justice occurred because no evidence proved Sanchez was present when the attempted robberies took place. He notes that no one demanded money from Sanchez. He contends the evidence affirmatively shows he made no attempt to rob Sanchez.

"It is well established that an attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose." Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978). "Robbery is defined at common law as "'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" E.g., Beard v. Commonwealth, 19 Va. App. 359, 361-62, 451 S.E.2d 698, 699-700 (1994) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968))." Brown v. Commonwealth, 24 Va. App. 292, 295, 482 S.E.2d 75, 77 (1997) (*en banc*). Therefore, if the evidence at trial proved appellant did not take any action to steal property from Sanchez, then we must apply the ends of justice exception to Rule 5A:18.

When reviewing the sufficiency of the evidence on appeal, we review the record "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). We also "'must discard the evidence of the accused in conflict with that of the Commonwealth.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)). Clearly, then, appellant's alibi evidence, which conflicts with the Commonwealth's evidence, is irrelevant to our discussion.

The evidence proved that appellant and two companions went to a house to rob "somebody." Reymundo Sanchez, brother of Luis, answered a knock on the door, and the three men entered. Tramaine Stith, one of appellant's companions, was holding a gun. Stith put the gun to Reymundo's head, and the three men demanded money. They went throughout the house, demanding money from the people they found. During this time, Luis Sanchez, a resident of the house, was outside. While the three men were in the hallway with some of the victims, Luis Sanchez entered the house through the kitchen door. He came in running and yelling what "sounded like police." Stith immediately shot and killed Luis Sanchez.

The Commonwealth, on appeal, contends appellant and his two companions went to the house with the intent to rob its occupants. Luis Sanchez was an occupant; therefore, according to the Commonwealth, he was a victim of an attempted robbery. The Commonwealth argues the assailants entered the house and attempted to rob the people inside, Luis Sanchez then entered the house and was killed at the conclusion of their search for money. Thus, the Commonwealth concludes appellant attempted to obtain money from everyone in the house, including Sanchez. We disagree.

Here, "the record . . . affirmatively prove[s] that an element of the offense did not occur." Michaels, 32 Va. App. at 607-08, 529 S.E.2d at 825-26. The two elements of an attempt crime, (1) a specific intent to commit the crime and (2) a direct action toward the commission of the crime that is more than mere preparation, Sizemore, 218 Va. at 983, 243 S.E.2d at 214, are disproved by the evidence. The record instead establishes that no attempted robbery of Luis Sanchez occurred.

The evidence proves that appellant never formed an intent to rob Luis. Appellant and his companions intended to rob "someone" in the house when they planned the robbery and walked into the residence. Luis Sanchez, however, was not in the house. Nothing proved their intent was ever extended to Luis. See Scott v. Commonwealth, 7 Va. App. 252, 264, 372 S.E.2d 771, 778 (1988) (finding the evidence was insufficient to prove "that the intent to rob extended to and included" a second person at the scene and overturning the related attempted robbery conviction). Secondly, the evidence at trial proved appellant and his companions took no action "toward realizing the ultimate purpose of the robbery" of Luis. Hopson v. Commonwealth, 15 Va. App. 749, 752, 427 S.E.2d 221, 223 (1993) (finding insufficient evidence that Hopson committed "an overt ineffectual act . . . 'beyond mere preparation and . . . done to produce the intended result'" and overturning his attempted robbery conviction (quoting Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986))). Instead, the evidence proved Luis was shot immediately upon his entry into the house. The assailants never demanded money from him or took any direct action toward robbing him, but instead instantly ended his life. The evidence proved Luis was shot, but not in an effort to take property from him or as a "direct act" in the consummation of robbery from him.

The fact that appellant and his companions masked themselves, entered with the intent to rob "somebody" in the house, and attempted to rob others does not constitute an attempt to rob

Luis. The evidence shows only that Luis walked in on a robbery and was shot. While compelling evidence proves an attempted robbery occurred as to the others, no evidence proves a "direct attempt" to rob Luis occurred. Sizemore, 218 Va. at 983, 243 S.E.2d at 213. The evidence affirmatively proves appellant's innocence of the crime of attempted robbery of Luis Sanchez.

Although not preserved for consideration on appeal, under the principles set forth in Rule 5A:18, we find appellant's conviction of attempted robbery of Luis Sanchez was a "manifest injustice." As the evidence affirmatively proved no attempted robbery of Luis occurred, appellant cannot be convicted of such a crime.

### III. Conclusion

We reverse and dismiss the count of attempted robbery from Luis Felipe Hernandez Sanchez, for the reasons stated above, and affirm the remaining convictions.

Affirmed, in part, and reversed, in part.