PRESENT: All the Justices

BRANDON LAVON LEWIS

v.  Record No. 041390   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                March 3, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE COURT OF APPEALS OF VIRGINIA

    In this appeal, we consider whether the Court of Appeals

erred in approving the circuit court's denial of a defendant's

mistrial motion.  The defendant alleged in the motion that his

right to a fair trial was prejudiced because the prosecutor, in

cross-examining a witness, implied that the witness and the

defendant had engaged in criminal activity unrelated to the

charged offenses.

    Brandon Lavon Lewis was indicted by a grand jury on charges

including murder in the commission of attempted robbery, use of

a firearm while committing murder, and four counts of attempted

robbery.  A jury convicted Lewis of the attempted robbery

charges and acquitted him of the remaining charges.  The jury

fixed his punishment at five years' imprisonment for each of the

four attempted robbery counts.  The circuit court sentenced

Lewis in accordance with the jury verdict and set the sentences

to run consecutively with each other.

    Lewis appealed his convictions to the Court of Appeals,

which reversed and dismissed one of the attempted robbery

convictions and affirmed the remaining convictions.  Lewis v. Commonwealth, 43 Va. App. 126, 137, 596 S.E.2d 542, 547 (2004). As relevant to the case before us, the Court of Appeals concluded that the circuit court did not err in refusing to grant a mistrial because the prosecutor's cross-examination of Lewis' alibi witness was proper impeachment and Lewis was not prejudiced.  Id. at 133, 596 S.E.2d at 545.  Lewis appeals.

We will state the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court. Tucker v. Commonwealth, 268 Va. 490, 492, 604 S.E.2d 66, 67 (2004); Murphy v. Commonwealth, 264 Va. 568, 570, 570 S.E.2d 836, 837 (2002).  The evidence showed that in August 2002, Luis Felipe Hernandez Sanchez was shot and killed during an attempted armed robbery at his house.  Also present were his brother, Reymundo Hernandez Sanchez (Reymundo), and two friends, Fernando Alvarado Vasquez and Reymundo Hernandez Acosta.  The three surviving witnesses told the police that the gunman and two companions had entered the house and demanded money from all the occupants.  Sanchez was shot and killed by one of the three assailants, who immediately fled from the scene.

After searching the crime scene, the police brought Vasquez, Reymundo, and Acosta back to the police station.  All three men identified Tramaine "Stump" Stith from a photographic "lineup" as one of the men who had been in the house.  Stith

2

initially denied any participation in the crimes, but later admitted his involvement and identified Lewis and Travis Hester as the other two assailants. The police later questioned Hester, who also admitted his involvement and identified Lewis as a participant in the offenses. Lewis was arrested the next morning.

At trial, Lewis presented an alibi defense. He testified that at the time the murder and attempted robberies took place, he was at his grandmother's house with two friends, El Hajj Jones and Jason Carol. Lewis stated that he, Jones, and Carol left the house and walked down the street to Sanchez's house after they observed flashing lights and ambulances nearby.

Jones testified as an alibi witness. On direct examination, he stated that he and Lewis were "good friends" and were "pretty tight." Jones confirmed that he and Lewis were at Lewis' grandmother's house when the crimes allegedly occurred.

On cross-examination, Jones admitted that he had been convicted of distribution of cocaine. The prosecutor then asked Jones, "Is that your connection [to Lewis]?" Defense counsel objected to this last question, stating, "I hope it [does not] mean what I think it means." The circuit court overruled the objection and allowed the prosecutor to proceed with the question. The prosecutor asked again, "Is that the connection with you and him?" Jones replied, "No, it isn't." The

3

prosecutor then repeated, "He's not tied into that with you at all?"  Jones responded, "No, he isn't."

Defense counsel renewed his objection on the ground that the prosecutor was attempting to imply that Lewis was involved in a "drug case."  The circuit court again overruled the objection, stating that because Jones admitted that he and Lewis were good friends, the prosecutor could inquire about "what they do together."  Defense counsel indicated to the court that he intended to make a motion for a mistrial, and the court directed counsel to "argue it later."

At the conclusion of the evidence, defense counsel argued the mistrial motion, asserting that the jury had been tainted by the prosecutor's implication in his cross-examination of Jones that Lewis was involved in illegal drug-related activities. Defense counsel noted that the prosecutor had not introduced evidence regarding a motive for the attempted robberies, and argued that it was improper for the prosecutor to suggest such a motive by questioning Jones about other illegal activities.  The circuit court denied Lewis' motion, ruling that the prosecutor's questions legitimately explored the extent of Jones' relationship with Lewis.

Lewis appealed to the Court of Appeals, which held that the circuit court did not err in denying the mistrial motion.  43 Va. App. at 133, 596 S.E.2d at 545.  The Court reasoned that the

challenged line of inquiry was permissible to show bias. Id. at 132-33, 596 S.E.2d at 545. The Court concluded:

> [T]he cross-examination of Jones, based on the relationship between him and appellant, was proper impeachment. Thus, the trial court did not err in failing to sustain appellant's objection to this line of cross-examination or in failing to grant a mistrial. Additionally, as Jones denied that his relationship with appellant was based on the distribution of cocaine, we cannot find as a matter of law that appellant was "indelibly prejudiced."

Id. at 133, 596 S.E.2d at 545 (citation omitted).

On appeal to this Court, Lewis argues that the circuit court erred in denying his mistrial motion. He concedes that the prosecutor was entitled to ask Jones if he had been convicted of a felony, and the nature of any felony conviction, but asserts that it was improper to allow without any foundation questions concerning a connection between Lewis and Jones' illegal activities. Lewis also contends that this line of questioning prejudiced him.

In response, the Commonwealth argues that the prosecutor did not elicit improper evidence because Jones denied that there was any connection between his illegal activities and Lewis. The Commonwealth also contends that because Jones denied any relationship with Lewis other than their personal friendship, Lewis was not prejudiced by the prosecutor's questions and the circuit court properly exercised its discretion in denying the mistrial motion. We disagree with the Commonwealth's arguments.

5

We review a challenge to a circuit court's denial of a mistrial motion under established principles. The decision whether to grant a mistrial motion is a matter submitted to the circuit court's sound discretion. Lowe v. Cunningham, 268 Va. 268, 272, 601 S.E.2d 628, 630 (2004); Burns v. Commonwealth, 261 Va. 307, 341, 541 S.E.2d 872, 894 (2001); Cheng v. Commonwealth, 240 Va. 26, 40, 393 S.E.2d 599, 607 (1990).

In a criminal case, when defense counsel makes a motion for a mistrial based on an allegedly prejudicial remark or question by the prosecutor, the circuit court must make a factual determination whether a defendant's right to a fair trial has been prejudiced, thereby requiring a new trial. Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990); LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983). This determination must be made in light of all the circumstances in the case, including whether the jury was given a cautionary instruction regarding any improper remark or question. See Spencer, 204 Va. at 95, 393 S.E.2d at 619; LeVasseur, 225 Va. at 589, 304 S.E.2d at 657.

In cases in which the jury was not given a cautionary instruction, such as the present case, we apply an established standard of review. When a circuit court has determined that a defendant's rights have not been prejudiced and has denied his motion for a mistrial, our appellate review is confined to an

6

inquiry whether the circuit court abused its discretion and, thus, was wrong as a matter of law.  Burns, 261 Va. at 342, 541 S.E.2d at 895; Cheng, 240 Va. at 40, 393 S.E.2d at 607; Thomas v. Wingold, 206 Va. 967, 975, 147 S.E.2d 116, 122 (1966).

In his mistrial motion, defense counsel argued that Lewis was prejudiced by the prosecutor's questions, which implied that Lewis was involved in illegal drug-related activities without any factual support for that proposition.  The prosecutor responded that because Jones admitted his conviction for cocaine distribution and also stated that he and Lewis were very good friends, "it's reasonable to ask him if his bias includes the fact that they were dealing drugs together.  We have a murder for money, that's uncontradicted by anyone.  One of the most frequent motives for murder under those circumstances is to get money for drugs . . . ."

This Court has often stated that the right to cross-examine a witness to show bias or motivation to falsify, when not abused, is absolute.  See Brown v. Commonwealth, 246 Va. 460, 464, 437 S.E.2d 563, 564-65 (1993); Barker v. Commonwealth, 230 Va. 370, 376, 337 S.E.2d 729, 733-34 (1985); Hewitt v. Commonwealth, 226 Va. 621, 623, 311 S.E.2d 112, 114 (1984); see also Sawyer v. Comerci, 264 Va. 68, 78, 563 S.E.2d 748, 754 (2002).  Although this right is broadly applied, it may not be employed as a device to confuse the issues before the jury or to

7

imply the existence of evidence that the jury is not permitted to consider.

Here, by the prosecutor's own admission, he was attempting to establish that Lewis was involved in illegal drug-related activities and, thus, was more likely to have committed the crimes charged in the indictments in order to obtain money to buy drugs. Because on the present facts such a connection to the offenses being tried would have been purely speculative, the prosecutor's questions amounted to nothing more than an attempt to elicit inadmissible evidence of other crimes that were unrelated to the crimes charged. See Commonwealth v. Minor, 267 Va. 166, 171-72, 591 S.E.2d 61, 65 (2004); Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998); Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). This questioning was an abuse of the prosecutor's right of cross-examination to show bias because the prosecutor already had established that Lewis and Jones were close friends, and the questions at issue merely served to imply to the jury the existence of evidence of other unrelated crimes committed by Lewis. See Minor, 267 Va. at 172, 591 S.E.2d at 65; Guill, 255 Va. at 138, 495 S.E.2d at 491.

Because the prosecutor's conduct was improper, we next consider whether the circuit court abused its discretion in denying Lewis' mistrial motion. This question turns on our

determination whether the record shows as a matter of law that Lewis' right to a fair trial was prejudiced by the prosecutor's actions. See Burns, 261 Va. at 342, 541 S.E.2d at 894-95; Spencer, 240 Va. at 95, 393 S.E.2d at 619; LeVasseur, 225 Va. at 589, 304 S.E.2d at 657.

We first observe that after being asked the questions at issue, Jones denied that his relationship with Lewis was connected to illegal drug-related activity. Thus, the jury received evidence that Lewis was not involved with Jones in such illegal activities.

We also must consider, however, the fact that the prosecutor repeated the improper question, although Jones had already answered it the first time by denying that Lewis was associated with him in illegal activities. In addition, we are required to acknowledge that we live in a "time of widespread revulsion against the [illegal] use of controlled drugs." King v. Commonwealth, 217 Va. 912, 915, 234 S.E.2d 67, 69 (1977). In light of this fact, we cannot avoid the conclusion that, as a matter of law, Lewis' right to a fair trial was prejudiced by the prosecutor's repeated and unfounded implication that Lewis was engaged in illegal activity for which he was not on trial. See id. Thus, we conclude that the circuit court abused its discretion as a matter of law in denying Lewis' mistrial motion,

9

and that the Court of Appeals erred in approving the circuit court's judgment.

For these reasons, we will reverse the part of the Court of Appeals' judgment that is before us.  We will remand the case to the Court of Appeals for further remand to the circuit court for a new trial on the three remaining attempted robbery charges if the Commonwealth so elects.

<u>Reversed and remanded.</u>

JUSTICE AGEE, with whom JUSTICE LACY AND JUSTICE KINSER join, dissenting.

As the majority correctly notes, we review a trial court's denial of a mistrial motion for an abuse of discretion.  <u>See</u> <u>Burns v. Commonwealth</u>, 261 Va. 307, 341-42, 541 S.E.2d 872, 894-95 (2001).  We may overturn the judgment of the trial court only if its denial of a mistrial motion was wrong as a matter of law. <u>Id</u>. at 342, 541 S.E.2d at 895. The majority's conclusion is based on two factors: that the line of questioning at issue was improper[1] and that such questioning "indelibly prejudiced" Lewis' right to a fair trial as a matter of law. Based on the record in this case, I disagree with the majority opinion because I find that the prosecution's line of questioning was proper

10

impeachment under the circumstances and did not prejudice Lewis' right to a fair trial as a matter of law.  Therefore, I conclude that the trial court did not abuse its discretion in denying Lewis' motion for a mistrial.

The prosecutor questioned Lewis' alibi witness, El Hajj Jones, about his prior conviction for selling cocaine and asked whether Jones' relationship with Lewis was connected to Jones' illegal activity.  Jones denied that his relationship with Lewis was based on the distribution of cocaine.

Determining the truthfulness of an alibi witness is in the province of the jury.  See Lewis v. Commonwealth, 209 Va. 602, 606, 166 S.E.2d 248, 251 (1969).  As such, "information as to [the alibi witness'] bias can be of great assistance in making such determinations." Udemba v. Nicoli, 237 F.3d 8, 17 (1st Cir. 2001) (citing United States v. Balsam, 203 F.3d 72, 85 (1st Cir. 2000)).  Bias can be defined, broadly speaking, as "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party."  United States v. McNatt, 931 F.2d 251, 256 (4th Cir. 1991) (citation omitted).

---

[1] Lewis refers to the questions at issue as "improper impeachment" but did not assign error to the trial court's failure to strike the objectionable  question and answer. Error was assigned only to the trial court's denial of the mistrial. Nevertheless, I address the issue in light of the majority opinion.

In this case, the prosecutor asked whether Jones' relationship with Lewis was connected to Jones' cocaine distribution business.  The majority concludes that

> [t]his questioning was an abuse of the prosecutor's right of cross-examination to show bias because the prosecutor already had established that Lewis and Jones were close friends, and the questions at issue merely served to imply to the jury the existence of evidence of other unrelated crimes committed by Lewis.

This Court, however, has allowed cross-examination of a defense witness about other crimes with which the defendant may have been involved if such evidence is "related to the credibility of [the witness] and the weight which should be given [his] testimony."  Adams v. Commonwealth, 201 Va. 321, 326, 111 S.E.2d 396, 399-400 (1959).  See also Patterson v. Commonwealth, 222 Va. 653, 663, 283 S.E.2d 212, 218 (1981) (the testimony of a witness which referred to prior unrelated crimes of the defendant was admissible because it bore on the witness' credibility); Largin v. Commonwealth, 215 Va. 318, 319, 208 S.E.2d 775, 776 (1974) (exposing defense witness as mother of defendant's illegitimate child did not have the effect of accusing the defendant of the misdemeanor of fornication, but was evidence of the witness' bias in favor of the defendant).

See also People v. Kaurish, 802 P.2d 278, 289-90 (Cal. 1990).[2]

Jones' testimony provided a complete alibi for Lewis. In that circumstance, the trial court was not wrong, as a matter of law, to permit limited questioning by the prosecutor to test Jones for bias in the formulation of his testimony. The trial court accurately observed that

> when the Defense calls a witness, that is an alibi witness, a convicted felony [sic], acknowledged that he had been convicted of selling drugs, stated that he's good friends with the Defendant, I certainly think it's absolutely legitimate for him, the cross-examiner, to go into that to find out the extent of their relationship or bias.
>
> Are you in business together? Do you work together? Do you do anything together? What is your relationship? What is your association? And explore that all for bias.

Thus, I conclude, as did the Court of Appeals, that the "improper impeachment" of which Lewis complains, was not improper. Because this impeachment evidence was not improper, there was no basis to grant the motion for mistrial.

---

[2] In People v. Kaurish, 802 P.2d 278, 289-90 (Cal. 1990), the Supreme Court of California found that a "prosecutor's comments during closing argument on defendant's drug dealing were not misconduct [because they were admitted] for the legitimate purpose of discrediting the testimony of [the defendant's alibi witness]." The alibi witness testified that he saw the defendant leave the victim's house before the murder took place. Id. at 290. The Court found that "[t]he prosecution was attempting to show that [the alibi witness], defendant, and their mutual friend . . . had been involved in a drug-dealing operation, and that this involvement gave [the alibi witness] a motive to lie." Id.

Further, the allegedly prejudicial event did not as a matter of law "indelibly prejudice[]" Lewis.[3]  The majority opinion does not appear to attach indelible prejudice to the prosecutor's initial question: "Is that the connection with you and him?"  However, when the subsequent question, "He's not tied into that with you at all?" is asked, the indelible prejudice arises. In the context of a multi-faceted trial, particularly where the witness' immediate and unequivocal denial is uncontested, an appellate finding of indelible prejudice should not be axiomatic.  There should be a clear nexus to "indelible prejudice" which is not demonstrated in this case.  "When a motion for mistrial is made, based upon an allegedly prejudicial event, the trial court must make an initial factual determination, in light of all the circumstances of the case, whether the defendant's rights are so 'indelibly prejudiced' as to necessitate a new trial."  Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990) (citation omitted).  Accord Green v. Commonwealth, 266 Va. 81, 102, 580 S.E.2d 834,846 (2003).

---

[3] As the Court of Appeals noted, Lewis may have been entitled to a cautionary instruction. Lewis v. Commonwealth, 43 Va. App. 126, 129 n.1, 596 S.E.2d 542, 544 n.1 (2004).  This Court has noted, however, that when a party "[makes] no request for a cautionary instruction, its omission does not constitute reversible error." Largin v. Commonwealth, 215 Va. 318, 321, 208 S.E.2d 775, 777 (1974).  Lewis did not request a cautionary instruction.

14

I conclude the trial court did not abuse its discretion as a matter of law and there is insufficient ground to find indelible prejudice.  Accordingly, I respectfully dissent and would affirm the judgment of the Court of Appeals.