COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Haley
Argued at Richmond, Virginia


FRANK SHORT

MEMORANDUM OPINION[*] BY
v.      Record No. 1637-04-2          JUDGE JAMES W. HALEY, JR.
                                      JULY 5, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Leslie M. Osborn, Judge

Jeffrey R. Fox, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General (Judith W.
Jagdmann, Attorney General, on brief), for appellee.


I.

Code § 18.2-200.1 provides in pertinent part as follows:

> If any person obtain from another an advance of money . . . with
> fraudulent intent, upon a promise to perform construction . . . and
> fail or refuse to perform such promise, and also fail to substantially
> make good such advance, he shall be deemed guilty of the larceny
> of such money . . . if he fails to return such advance within fifteen
> days of a request to do so sent by certified mail, return receipt
> requested, to his last known address . . . .

Convicted in a bench trial of contractor fraud under this statute, Frank Short challenges

the sufficiency of the evidence of his fraudulent intent. Finding that evidence sufficient, we

affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## II.

Under familiar principles we ". . . review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997); see also Lewis v. Commonwealth, 269 Va. 209, 211, 608 S.E.2d 907, 908 (2005); Moore v. Commonwealth, 45 Va. App. 146, 149, 609 S.E.2d 74, 76 (2005).

## III.

Frank and Virginia Henderson owned a home, the tin-roof of which had been damaged in a hailstorm. Their insurance company had approved an estimate of $3900 to remove the damaged tin, replace it with new tin, and make associated repairs. The Hendersons ran into Short at their son's football practice in the first week of September 2003, and the parties entered into a verbal agreement to repair the roof for the approved estimate. Short was to finish the job the coming weekend.

On Friday, September 12, Short came by the Henderson's home, and requested an $1800 "cash" advance because a "check would do him no good. He had no bank account." Mrs. Henderson went with Short and withdrew that sum from her bank. Short had said he needed that sum to "purchase the materials to fix the roof."

That evening Mrs. Henderson mentioned to her husband, Frank, that Short had talked about using 8-foot sections of tin for the repair. Frank noted that 10- and 12-foot replacement sections were needed. At 8:30 a.m. the following morning Frank called Short's home and was told by his wife that Short had gone to Chase City to purchase materials. At 10:55 a.m. Short returned the call. Short told Frank he had purchased the materials. Frank, worried that Short "didn't know what he was doing," asked that the contract be rescinded. Short agreed, and stated he would take the tin back and return the money. Frank agreed to "pay (Short) for his time and

trouble." Short told Frank "he didn't have the money, but he needed a week to get it." Short told Frank he had spent "about $500 on materials and had $200 left."

No money having ever been returned, the Hendersons sent Short a certified letter, return receipt requested, demanding the same, which was accepted in writing by his wife on October 2, 2003.[1] The letter and receipt were admitted in evidence. No money had been returned by May 17, 2004, the date of trial.[2]

Testifying in his own defense, Short admitted the contract, admitted the terms of its rescission, including agreeing to return the money within a week, and admitted he had never returned the money because he "couldn't come up with it." He testified that he bought 8-foot sections of tin, and some corking, nails and flashing, for "about $649." Short could not remember at what store he purchased the materials, had no "tickets or receipts" for the purchase, could not return the tin because "it had got rained on," and did not use the tin on any other job. With respect to the balance of the $1800, Short testified that between the time he received the $1800 on Friday afternoon and before receipt of Frank's call at 10:45 Saturday morning, he gave $600 to his wife to "pay some bills," and gave $250 a piece to two unnamed men who "needed some money . . . (because) . . . they were not working." No other testimony, and no exhibits, were offered by the defense.

---

[1] Actual receipt of the certified letter by a defendant is not required under Code § 18.2-200.1. See Holsapple v. Commonwealth, 266 Va. 593, 598-600, 587 S.E.2d 561, 564-65 (2003).

[2] The trial was originally scheduled for April 6, 2004. Short did not appear. A show-cause was issued, and Short was subsequently found guilty of contempt for failing to appear on April 6, 2004. He was sentenced to five days in jail, running concurrently with the sentence imposed in this, the underlying case.

The trial court sentenced Short to five years in the Virginia Department of Corrections, all suspended but 10 days, and ordered restitution of $1800 to the Hendersons. At sentencing, Short acknowledged "a substance abuse problem for a long time in my life."

IV.

In Klink v Commonwealth, this Court set forth the elements of contractor fraud under Code § 18. 2-200.1. The crime consists of five elements: "(1) obtaining an advance of money . . . (2) a fraudulent intent at the time the advance is obtained, (3) a promise to perform construction or improvement . . . (4) a failure to perform . . . and (5) a failure to return the advance 'within fifteen days of a request to do so by certified mail.'" 12 Va. App. 815, 818, 407 S.E.2d 5, 7 (1991).

Short first challenges the sufficiency of the evidence of fraudulent intent at the time of receiving the advance.

Initially, we note that the credibility of witnesses and the weight of the evidence are matters within the province of the trial court, Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995), and that the judgment of that court within that province is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it. See also Code § 8.01-680 and Waldrop v. Commonwealth, 23 Va. App. 614, 626, 478 S.E.2d 723, 728 (1996).

"The time for determining fraudulent intent is the time at which the defendant procured the advance." Rader v. Commonwealth, 15 Va. App. 325, 329, 423 S.E.2d 207, 210 (1992). In Norman v. Commonwealth, 2 Va. App. 518, 519-20, 346 S.E.2d 44-45 (1986), likewise addressing Code § 18.2-200.1, we noted that: "Whether fraud existed will depend upon the circumstances of each case." In Rader, 15 Va. App. at 330, 423 S.E.2d at 211, the Court noted that: "A defendant's use of false statements is a significant factor that tends to prove fraudulent

- 4 -

intent in construction fraud." And, as the Supreme Court of Virginia noted in Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-4 (1995), "Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence."

Those circumstances, summarized above, include the following: As pointed out by the trial court, Short acknowledged he told Mrs. Henderson he needed the $1800 cash advance for the *express* purpose of purchasing material for the job. But of that sum, at best only $649 was actually used for that purpose. The balance was allegedly given to Mrs. Short and to two unnamed individuals, none of whom testified. Accordingly, upon receipt of the advance, Short's statement to Mrs. Henderson as to their intended use was false. Likewise, though Short testified he purchased materials, he could not remember where, had no receipts for the purchases, and offered no evidence as to the whereabouts, or even existence, of the unreturned tin sections.[3] Indeed, other than the testimony of the defendant, there is no evidence that any materials were ever purchased. As this Court noted in Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998), "[i]n its role in judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Finally, in Mughrabi v. Commonwealth, we noted fraudulent intent is established when a contractor receives ". . . . advances for supplies that were never purchased." 38 Va. App. 538, 548, 567 S.E.2d 542, 547 (2002).

The Court concludes the evidence suffices to establish the element of fraudulent intent.

---

[3] By contrast, in Klink v. Commonwealth, *supra*, the Court in reversing a conviction for insufficient evidence of fraudulent intent noted that the defendant produced a paid purchase order for a glass patio door specially sized for the project he had undertaken to complete.

V.

Short next argues that he cannot be convicted because of the *unilateral* rescission of the contract by the Hendersons. He maintains that Code § 18.2-200.1 requires a finding that he willfully, fraudulently, and intentionally failed to perform, and that the possibility of performance was prevented by the rescission. He cites no authority for this proposition.

First, it should be noted, the contract was not unilaterally rescinded. Short *agreed* to its rescission, and promised to return the advance within a week. Secondly, to the extent Short said he needed $1800 "to purchase materials," that portion of the contract was, by his own admission, not performed.

Finally, had the legislature wished to make fraudulent failure to perform an element of the offense, they could have done so. Emphasizing this omission are the provisions of Code §18.2-200, which criminalizes the fraudulent failure to perform a promise to deliver crops or other property in return for advances, and specifically requires that the failure to perform be fraudulent. Likewise, Code § 18.2-201 requires a finding of a fraudulent failure to perform after receiving an advance for agricultural labor. The language of Code § 18.2-200.1 contains no such requirement. As this Court stated: "We believe the underlying intent of [Code § 18.2-200.1] is to prohibit the fraudulent receipt of funds for construction work." Boothe v. Commonwealth, 4 Va. App. 484, 490, 358 S.E.2d 740, 744 (1987).

Affirmed.