COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued at Salem, Virginia


JOHN ADAMS MESSINA, S/K/A
 JOHN ADAM MESSINA

                                                        MEMORANDUM OPINION[*] BY
v.      Record No. 0530-05-3               CHIEF JUDGE WALTER S. FELTON, JR.
                                                             OCTOBER 31, 2006

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                              G. Carter Greer, Judge

          Catherine E.P. Haas, Assistant Appellate Defender (Virginia Indigent
          Defense Commission, on briefs), for appellant.

          Michael T. Judge, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        John Adams Messina (appellant) was convicted in a bench trial of forcible sodomy,

aggravated sexual battery, contributing to the delinquency of a minor, and failure to appear.[1]  On

appeal, he contends, "the trial court erred in finding that the charge of aggravated sexual battery did

not violate the double jeopardy clause of the Constitution."  He also asserts that the trial court erred

in convicting him of aggravated sexual battery because the Commonwealth's evidence was

insufficient to prove that the touching supporting the conviction was not incidental to the forcible

sodomy.  For the reasons that follow, we affirm the judgment of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant did not appeal his conviction of failure to appear.

BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below." Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003). Consistent with this principle, the evidence shows that one evening in December 1998, appellant, who was 41 years old at the time, served several alcoholic drinks to T.A., then 14 years old, while T.A. was a guest in his home. T.A. passed out. When he woke up, his pants and underwear were down around his ankles and appellant had T.A.'s penis in his mouth and was "sucking on it." Appellant admitted to the investigating officer, and testified in his defense, that he fondled T.A.'s penis through his pants, but he denied committing sodomy on T.A. In December 1999, after the second of two suicide attempts, T.A. told his mother about the incident with appellant. Appellant was arrested January 4, 2000, and was released on bond pending trial. He failed to appear for his preliminary hearing in March 2000. He was eventually returned to Virginia for trial.

ANALYSIS

I. Double Jeopardy

Appellant first contends that, "the trial court erred in finding that the charge of aggravated sexual battery did not violate the double jeopardy clause of the Constitution." Appellant also argues for the first time on appeal that the Commonwealth relied on a single act of touching to prove both offenses and that he was therefore subjected to multiple punishments for the same offense in violation of the Fifth Amendment's prohibition against double jeopardy.

The record reflects that at the conclusion of the Commonwealth's case-in-chief, appellant moved to strike the forcible sodomy charge, arguing that aggravated sexual battery was a lesser-included offense of forcible sodomy. The trial court denied appellant's motion on the

grounds that it was untimely pursuant to Rule 3A:9. At the conclusion of all the evidence, and following appellant's motion to strike, the trial court found appellant guilty of forcible sodomy, and then vacated its earlier Rule 3A:9 double jeopardy ruling. It directed the parties to provide written argument as to "whether the conduct that formed the basis of guilt under the forcible sodomy statute supplies to sustain a conviction for aggravated sexual battery."

In his written argument to the trial court, appellant did not address his lesser-included offense argument, arguing instead that the evidence was insufficient to sustain a conviction of aggravated sexual battery because the victim's testimony was incredible. He conceded, however, that if the trial court believed the victim's testimony, the evidence was sufficient to convict him of aggravated sexual battery. He also asked the trial court to reconsider its earlier ruling that Rule 3A:9 barred his double jeopardy argument, a ruling vacated by the trial court. In its letter to counsel following their submissions of written arguments, the trial court simply found appellant guilty of aggravated sexual battery, without further explanation. As such, "there is no [double jeopardy] ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998).

## II. Sufficiency of the Evidence

Appellant also argues for the first time on appeal, in reliance on Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), that the "trial court erred in convicting [him] of aggravated sexual battery, because the evidence was insufficient to prove that the alleged touching was not incidental to the commission of [the] crime [of] . . . forcible sodomy."[2] Stated differently, appellant

---

[2] In Brown, the Supreme Court held

> that one accused of abduction by detention and another crime
> involving restraint of the victim, both growing out of a continuing
> course of conduct, is subject upon conviction to separate penalties
> for separate offenses only when the detention committed in the act

argues that the Commonwealth's proof of the touching required to establish the aggravated sexual battery, was the same touching required to prove the forcible sodomy. Appellant concedes that he did not preserve this issue for appeal. However, he requests that we invoke the "ends of justice" exception to Rule 5A:18, on the basis that "a review of the record will show that his aggravated sexual battery conviction was a clear miscarriage of justice."

"The ends of justice exception to Rule 5A:18 is narrow and is to be used sparingly." Copeland v. Commonwealth, 42 Va. App. 424, 442, 592 S.E.2d 391, 399 (2004) (citing Michaels v. Commonwealth, 32 Va. App. 601, 608, 529 S.E.2d 822, 826 (2000)). "In order to avail oneself of the exception, a[n] [appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). Such a showing "requires proof of an error that was 'clear, substantial and material.'" Copeland, 42 Va. App. at 442, 592 S.E.2d at 399 (quoting Brown, 8 Va. App. at 132, 380 S.E.2d at 11). "'In examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" Tooke v. Commonwealth, 47 Va. App. 759, 765, 627 S.E.2d 533, 536 (2006) (quoting Lewis v. Commonwealth, 43 Va. App. 126, 134, 596 S.E.2d 542, 546 (2004), rev'd on other grounds, 269 Va. 209, 608 S.E.2d 907 (2005)).

Pursuant to the aggravated sexual battery statute in effect at the time the incident occurred, the Commonwealth was required to prove that appellant sexually abused T.A., against his will or

---

of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown, 230 Va. at 314, 337 S.E.2d at 713-14. We note that neither this Court nor the Supreme Court has expanded the "restraint incidental to" theory of Brown beyond cases involving abduction incidental to robbery and rape. See Pryor v. Commonwealth, 48 Va. App. 1, 6, 628 S.E.2d 47, 49 (2006).

through the use of his physical helplessness, and that T.A. was at least thirteen but less than fifteen years of age. Code § 18.2-67.3(A)(2) (1998). In order to prove appellant was guilty of the forcible sodomy charge, the Commonwealth was required to prove appellant committed fellatio upon T.A. against T.A.'s will or through the use of T.A.'s physical helplessness. Code § 18.2-67.1(A)(2) (1998). The record before us on appeal shows that T.A. was fourteen years old at the time of the incident. Appellant told the investigating officer, and testified at trial, that he touched T.A.'s penis through his pants on the evening in question. T.A. testified that when he awoke, appellant was sucking his penis with his mouth. Moreover, in his brief to the trial court, appellant conceded that, "if the [trial] [c]ourt decides to believe the testimony of [the victim], there is sufficient evidence for a conviction of Aggravated Sexual Battery."

From our review of the record, we conclude that there is no affirmative evidence of innocence to show that a criminal offense did not occur. Therefore, appellant has not met his burden of showing that a miscarriage of justice has occurred. Brown, 8 Va. App. at 132, 380 S.E.2d at 11. Accordingly, "there is no basis upon which to apply the ends of justice exception to this case." Copeland, 42 Va. App. at 442, 592 S.E.2d at 399.

Affirmed.