## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

J.L.W.

v.

Virginia Department
of Social Services

May 9, 1996

Case No. (Law) CL95-3047

BY JUDGE THOMAS S. SHADRICK

This matter comes before the court as an appeal under the Administrative Process Act, Code of Virginia, § 9-6.14:1 et seq. Pursuant to Code of Virginia § 63.1-248.6:1, petitioner appeals the June 14, 1995, decision of Deron Phipps, a hearing officer designated and authorized by the Commissioner of Social Services. The Commissioner, acting through her hearing officer, confirmed the Virginia Beach Department of Social Services' "founded" disposition of a complaint alleging that petitioner had on May 28, 1994, sexually abused an eight-year-old child, Jessica F.

"[T]he reviewing court 'may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function'." *Turner v. Jackson*, 14 Va. App. 423, 430-431 (1992), quoting *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 244 (1988). Instead, the question before the court is whether there is substantial evidence supporting the agency's determination of sexual abuse. *Turner*, at 431. This court may reject the Agency's factual determination "only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Id.*

"In child abuse cases, it is often necessary to take quick action to protect the child, and the initial determination of 'cause to suspect' allows DSS to take such action. Before a final disposition of 'Founded' may be entered, however, *the evidence must be clear and convincing* in order to

protect not only the interests of the child but also the rights of the person accused." *Jackson v. Marshall*, 19 Va. App. 628, 635 (1995) (emphasis added).

After a careful review of the entire record, this court finds that there is insufficient evidence to support the Agency's determination that the subject complaint of sexual abuse was "founded." Reasonable minds, considering the record as a whole, must necessarily come to the conclusion that the evidence did not constitute clear and convincing proof of the complaint.

The Court notes that the evidence in this case, as so often happens, boils down to the child's word against the accused's word. While the court can think of many instances where a child's word alone could conceivably constitute clear and convincing proof that the child had been abused by a named individual, this simply is not such an instance. In this case, the evidence before the agency established that the child's testimony was unreliable. It was undisputed that Jessica testified that a prior episode of abuse by this petitioner had occurred in Virginia at a time when the petitioner was in fact out of the country serving in Operation Desert Storm. Further, it is undisputed that she at different times gave inconsistent descriptions of the alleged abuse. On the other hand, there was no basis presented to the agency for finding the petitioner's testimony to be unreliable or doubtful or his character to be anything other than exemplary.

The hearing officer appears to have placed great weight on the "corroboration" of Jessica's testimony provided by her description of a picture of birds found on the wall of the hotel room where the abuse is alleged to have occurred. The hearing officer found that it was significant that Jessica stated that she could see the picture as she lay on the bed while petitioner was abusing her and that she could accurately describe the picture. The record reveals that the picture is in fact a good-sized, striking picture located directly above one of the beds in the hotel room where Jessica was staying with her mother, the petitioner, and another family friend. It is a picture that would be immediately noticeable to anyone entering the room and particularly noticeable to anyone lying on the bed for any reason. Obviously, there are numerous explanations for why Jessica would recall that picture. The court does not believe that the "corroboration" provided by her statement concerning this picture is sufficient to transform otherwise inconsistent testimony into clear and convincing proof.

The court is troubled by the apparent position taken by the Virginia Beach Department of Social Services in its investigation of this complaint,

and the Commissioner's office in its handling of the appeal, that the accused bore the burden of providing an explanation for why this child would fabricate such allegations against him. It seems instead that it was the agency's responsibility, as part of a reasonable investigation, to explore possible motivations for the child's complaint and, in particular, more closely examine her home life and relationship with her mother's boyfriend. Only by conducting thorough and open-minded investigations will the needs of abused children be met and the rights of persons accused of abuse be protected.

Petitioner has filed a request for leave to amend his petition to seek an award of attorney's fees and costs, to which amendment the respondent objects. The court has carefully reviewed the relevant statutes, in particular, Code of Virginia, §§ 9-6.14:21 and 9-6.14:4, and concludes that this appeal does not constitute an "agency action" as contemplated by the statute authorizing the recovery of attorney's fees and costs. Therefore, such fees and costs are not recoverable, and plaintiff's request for leave to amend his petition is denied.

Mr. Broccoletti is asked to submit a properly endorsed order directing that the Commissioner of Social Services order the amendment of the subject determination and records to reflect that the May 31, 1994, complaint against J.W. is "unfounded."