COURT OF APPEALS OF VIRGINIA


Present:  Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued at Salem, Virginia


FRANCEON A. FORD
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2637-95-3    JUDGE JOHANNA L. FITZPATRICK
                                            JULY 16, 1996
C. M. OFFRAY & SON, INC. AND
 ROYAL INSURANCE COMPANY OF AMERICA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Barbara Hudson for appellant.

          Richard D. Lucas (Frank K. Friedman; Wood
          Rogers & Hazlegrove, P.L.C., on brief), for
          appellees.


     Franceon A. Ford (claimant) appeals from a decision of the

commission denying her application for workers' compensation

benefits.  She argues that the commission erred in:  (1) finding

that she failed to prove that her carpal tunnel syndrome was a

compensable occupational disease, and (2) admitting documents

obtained from her doctor by the attorney for C. M. Offray & Son,

Inc. (employer) without notice to her.  Because carpal tunnel

syndrome is not a compensable occupational disease, we dismiss

the case.

                          **BACKGROUND**

     Claimant worked for employer for five years as a baby

blocker, a job that involved repetitive hand movements rolling

ribbon onto a machine.  On November 4, 1994, Dr. Tullio L.

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Coccia, claimant's treating physician, diagnosed her as suffering from repetitive trauma syndrome/flexor tendinitis and carpal tunnel syndrome. In a January 6, 1995 letter, Dr. Coccia stated that claimant's condition was caused by her employment as a baby blocker. Claimant asked whether Dr. Coccia could state that her condition was an occupational disease, and Dr. Coccia amended the last sentence of the letter to read as follows: "I feel that this is definitely related to her job and is in fact an occupational disease." Dr. Coccia dated the revised letter January 25, 1995.

Employer's attorney contacted Dr. Coccia and asked him to clarify his January 25, 1995 letter. In a March 30, 1995 letter responding to the request, Dr. Coccia stated that carpal tunnel syndrome is "not a disease process." Dr. Coccia's March 30, 1995 letter was not provided to claimant or her attorney. Employer introduced the March 30, 1995 letter and the January 6, 1995 letter at the May 3, 1995 hearing before the deputy commissioner, and claimant objected to the admission of the January 6, 1995 letter.

The commission denied claimant benefits, holding that she failed to meet the threshold burden of proving that her condition was an occupational disease.

## CARPAL TUNNEL SYNDROME AS OCCUPATIONAL DISEASE

After the parties filed briefs in this case, employer moved to dismiss the case based upon the Supreme Court of Virginia's

opinion in Stenrich Group v. Jemmott, 251 Va. 186, 467 S.E.2d 795 (1996).  In Stenrich Group, the Supreme Court held that "job-related impairments resulting from cumulative trauma caused by repetitive motion, however labeled or however defined, are, as a matter of law, not compensable under the present provisions of the Act."  251 Va. at 199, 467 S.E.2d at 802.  Claimant concedes that Stenrich Group controls and that her carpal tunnel syndrome is not compensable under the Act.

**ADMISSION OF DOCUMENT OBTAINED WITHOUT NOTICE TO CLAIMANT**

Although claimant's carpal tunnel syndrome is not compensable as an occupational disease, she argues that this Court should still address the issue of whether the commission erred in admitting documents obtained from her treating physician by employer's attorney without notice to claimant.

"'The duty of this court as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions.'"  Jackson v. Marshall, 19 Va. App. 628, 635, 454 S.E.2d 23, 27 (1995) (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 225, 181 S.E. 521, 533 (1935)).  Because resolution of claimant's carpal tunnel claim leaves nothing more to be done with this case, the issue of whether the commission erred in considering Dr. Coccia's March 30, 1995 letter to employer's attorney is rendered moot.

Accordingly, the case is dismissed.

3

<u>Dismissed</u>.