COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


LINDA G. HEADLEY

MEMORANDUM OPINION[*]
v.        Record No. 0861-04-4                              PER CURIAM
                                                         DECEMBER 28, 2004
WENDELL G. JEWELL


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
William D. Hamblen, Judge

(Linda G. Headley, *pro se*, on brief).

No brief for appellee.


Linda G. Headley appeals an order of the trial court dismissing her request for a change in custody and visitation concerning the parties' son. Headley raises four issues on appeal. Upon reviewing the record and opening brief, we conclude that this appeal is moot and dismiss the appeal.

The final order in this case states that the child whose custody and visitation are at issue turned eighteen years of age in September 2004. A divorce court has jurisdiction to decree custody and visitation of the minor children of the parties. See Code §§ 20-103 through -108. Children attain their majority at the age of eighteen years. See Code § 1.13-42(a)(1). Accord Code § 20-103(A)(v). Therefore, jurisdiction of the trial court to decree custody and visitation of a minor child terminates when a child turns eighteen years old.

The parties' son is now eighteen years old and is no longer a minor. Therefore, the issues raised in this appeal are moot. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Geraghty, 445 U.S. 388, 396 (1980).  A case is no longer live if a challenged order has no "continued impact on the parties."  Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 569 (1984).

> "'The duty of this court as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions.'"  Dismissal is the proper remedy if "an event occurs which renders it impossible for [a] court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever."

Jackson v. Marshall, 19 Va. App. 628, 635, 454 S.E.2d 23, 27 (1995) (citations omitted).  "'[C]ourts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative.'"  Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998) (quoting City of Fairfax v. Shanklin, 205 Va. 227, 229-30, 135 S.E.2d 773, 775-76 (1964)).

Because the parties' son is no longer a minor, Headley's appeal concerning his custody and visitation is moot and is dismissed.

Dismissed.