COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


BRUCE FORBES

v.      Record No. 0699-04-3

COMMONWEALTH OF VIRGINIA                    MEMORANDUM OPINION[*] BY
                                            JUDGE JEAN HARRISON CLEMENTS
BRUCE FORBES                                JUNE 14, 2005

v.      Record No. 0713-04-3

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

Steven D. Benjamin (Betty Layne DesPortes; Benjamin &
DesPortes, P.C., on briefs), for appellant.

John H. McLees, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Bruce Forbes, a litigant in a civil action, was found to be in criminal contempt of court, in

violation of Code § 18.2-456, and sentenced to two days in jail.  Following his purportedly

premature discharge from jail, Forbes was rearrested on a capias and, per the trial court's

directive in the capias, immediately returned to jail to complete his sentence.  The trial court

summarily denied Forbes's motion to set an appeal bond and to suspend the execution of the

balance of his sentence pending the appeal.  In these consolidated appeals, Forbes contends

(1) the evidence was insufficient, as a matter of law, to support his conviction for contempt and

(2) the trial court erred in issuing a capias directing his immediate return to jail without benefit of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

a court hearing and in failing to conduct a hearing on his post-conviction bond motion. For the reasons that follow, we affirm Forbes's contempt conviction and dismiss his claims of error regarding the capias and bond motion.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below." Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003). So viewed, the evidence established that, on March 18, 2004, Forbes was the plaintiff in a civil case before the trial court. After the trial court announced its ruling in the case against Forbes, Forbes's counsel questioned the court on two aspects of the ruling. When the court indicated that its ruling spoke for itself, Forbes, who was sitting in the first row of seats in the public gallery of the courtroom, approximately five feet from his attorney, said loudly, "Appeal the case." The trial court cautioned Forbes, "If you say one more thing, then you're going to be held [in] contempt." The following exchange then occurred:

> THE COURT: Do you have anything to say?
>
> MR. FORBES: Not right now.
>
> THE COURT: Good.
>
> MR. FORBES: I will. I should have had a jury trial.
>
> THE COURT: Sir, you're in contempt of court. Arrest that man and take him into custody.

Forbes was immediately taken into custody at approximately 11:30 a.m. Neither he nor his attorney addressed the court at that point.

The trial court then entered an order describing the incident and directing the sheriff to bring Forbes before the court at 4:00 p.m. that same day "to show cause why he should not be imprisoned and/or fined for being in direct contempt of Court." In describing Forbes's comment regarding an appeal, the court stated in the order that Forbes, "who was sitting in the audience, leapt to his feet and began to shout in a loud and apparently contumacious manner." In describing Forbes's comment concerning a jury trial, the court indicated that Forbes "again leapt from his seat and said in a rude, loud and apparently contumacious manner a statement to the effect that he would "get a jury." "These acts," the court further stated in the order, "were perceived by the Court to be in contempt of Court in violation of [Code §] 18.2-456, and the inherent authority of the Court to maintain order and dignity in the Courtroom."

At the hearing that afternoon, Forbes was represented by counsel specifically retained for the contempt matter. At the outset of the hearing, the trial court told Forbes, "This is a matter to show cause why you should not be held in contempt for your outburst in this courtroom earlier today." In his opening statement, Forbes's attorney stated that, although Forbes would acknowledge that he got "caught up in the heat of the moment today," that he was "loud," and that his behavior was "inappropriate," he intended no "disrespect to the Court whatsoever." Testifying on his own behalf, Forbes apologized for his earlier outbursts in the courtroom, stating he had "the highest respect for the courts" and "had no intentions of upsetting" the court. Forbes admitted he was "hollering" in the courtroom and that his behavior was "boisterous" and "out of line," but he claimed he was only trying to get his attorney's attention. He further testified that his view was blocked and he thought the judge had left the courtroom when he made his final comment concerning a jury trial. In his closing argument, Forbes's attorney asked "the Court for

mercy," arguing that, given the fact that Forbes had "taken responsibility for his actions" and apologized to the court, the punishment already imposed was sufficient.

The trial court ruled as followed:

> All right, the Court finds that Mr. Forbes was in contempt of court. I accept his apology. However, I believe that the dignity of the Court and the courtroom needs to be preserved. I do not find quite credible his testimony that he thought I had left or started to leave the courtroom. I never moved out of my seat. Second of all, the second outburst occurred immediately after I had cautioned him if there was another outburst he would be held in contempt of court. I'm sentencing him to two days' confinement in the Rockingham County Jail. He will be released at 11:00 a.m. on March 20, 2004. I will remand you to the custody of the Rockingham County Sheriff.

That same day, the trial court entered an "Order of Contempt," noting that the matter had come before the court for Forbes "to show cause why he should not be held in contempt," finding Forbes guilty of contempt of court, and expressly ordering him held in jail until 11:00 a.m. on March 20, 2004.

Forbes was released from jail on March 19, 2004. Upon learning, on March 23, 2004, that Forbes had been released "before serving the entire sentence as ordered by the court," the trial court entered a capias directing the sheriff to arrest Forbes and return him to jail "until the entire sentence previously ordered is served." The related release order indicated that Forbes had twenty-eight hours left to serve on his sentence.

On March 25, 2004, Forbes noted his appeal of the criminal contempt conviction to this Court and moved the trial court to set an appeal bond and suspend the execution of the balance of his sentence pending the appeal. On March 26, the trial court denied both motions without a hearing. That same day, Forbes noted his appeal of the denial of those motions to this Court.

On March 27, 2004, Forbes was arrested on the capias and returned to jail to serve the remainder of his sentence. After serving the balance of his sentence, Forbes was released on March 28, 2004.

## II. CONTEMPT CONVICTION

On appeal, Forbes contends the evidence was insufficient, as a matter of law, to sustain his conviction for criminal contempt under Code § 18.2-456. Thus, Forbes concludes, the conviction must be set aside. In response, the Commonwealth contends that Forbes's claim that the evidence was insufficient to support his conviction is procedurally barred by Rule 5A:18 because he failed to raise that claim before the trial court. We agree with the Commonwealth.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Thus, Rule 5A:18

> places the parties on notice that they must give the trial court the first opportunity to rule on disputed . . . questions. The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals. To hold otherwise, would invite parties to remain silent at trial, possibly resulting in the trial court committing needless error.

Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986); see also Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003) ("The contemporaneous objection rule, embodied in Rule 5A:18 in the Court of Appeals . . . , is based on the principle that a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review."). Hence, an appellant's failure to present a disputed issue to the trial court before raising it on appeal precludes our consideration of that issue, unless the "good cause" or "ends of justice" exceptions to Rule 5A:18 apply. Rule 5A:18; see F.E. v. G.F.M., 35 Va. App. 648, 659 n.3, 547

S.E.2d 531, 536 n.3 (2001) (en banc) (holding that, in light of the appellant's failure to raise the same issue at trial, "Rule 5A:18 prevents our consideration of this claimed error as a basis for reversal on appeal absent a showing of 'good cause' or to 'attain the ends of justice'"); Johnson v. Commonwealth, 20 Va. App. 547, 553, 458 S.E.2d 599, 602 (1995) (holding that "the failure to make a timely objection will not bar consideration on appeal if good cause exists or if the ends of justice require consideration of the issue").

Here, Forbes acknowledges that he failed to raise before the trial court his claim that the evidence was insufficient to support his criminal contempt conviction. He argues, however, that we should consider this claim on appeal because the "good cause" and "ends of justice" exceptions to Rule 5A:18 apply. We disagree.

It is well settled that the "good cause" exception to Rule 5A:18 will not be invoked where the appellant had the opportunity to raise before the trial court the issue presented on appeal but failed to do so. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (en banc) (holding that good cause to consider on appeal an issue that was not raised below did not exist "because [the appellant] failed to utilize several opportunities to make its objection" at trial); Andrews v. Commonwealth, 37 Va. App. 479, 494, 559 S.E.2d 401, 409 (2002) (holding that the "good cause" exception did not apply because the appellant "had ample opportunity to bring his due process claim to the attention of the trial court but failed to do so"); Luck v. Commonwealth, 32 Va. App. 827, 834, 531 S.E.2d 41, 44 (2000) (holding that Rule 5A:18 bars consideration of an issue where the appellant "had the opportunity to object [at trial] but elected not to do so").

In this case, Forbes clearly had the opportunity to present to the trial court his claim that the evidence was insufficient, as a matter of law, to find him guilty of criminal contempt. When, at the conclusion of the civil trial, the trial court initially cited Forbes for contempt of court and

ordered him taken into custody, either Forbes or his counsel could have addressed the court and challenged the evidentiary basis of the court's decision. Neither, however, raised such a challenge at that point. More significantly, Forbes and his counsel appeared before the trial court later that same day for a show cause hearing. Forbes argues that, although the trial court identified the hearing as "a matter to show cause why [Forbes] should not be held in contempt," the hearing, in actuality, was strictly for sentencing. Regardless of the hearing's purpose, however, it is clear that Forbes and his counsel had the opportunity to address the court and could have moved the court to set aside its contempt finding for lack of sufficient evidence or otherwise brought to the court's attention Forbes's claim that the evidence was insufficient, as a matter of law, to sustain a contempt conviction under Code § 18.2-456. Instead, Forbes merely acknowledged that his earlier conduct in the courtroom was inappropriate, apologized to the court, and asked for leniency. Because Forbes had the opportunity to present his claim to the trial court but failed to do so, we hold that the "good cause" exception to Rule 5A:18 does not apply in this case.

It is equally well settled that, "[i]n order to avail oneself of the [ends of justice] exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). To satisfy this burden, "the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Id. at 221-22, 487 S.E.2d at 273. "Therefore, 'in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" Wheeler v. Commonwealth, 44 Va. App.

689, 692, 607 S.E.2d 133, 135 (2005) (quoting Lewis v. Commonwealth, 43 Va. App. 126, 134, 596 S.E.2d 542, 546 (2004), rev'd on other grounds, 269 Va. 209, 608 S.E.2d 907 (2005)).

In reviewing the instant record, we find no credible affirmative evidence therein of innocence or lack of criminal offense. As we have previously stated, "[a] trial court has the power to punish summarily for contempt under Code § 18.2-456 for," among other things, "'[m]isbehavior in the presence of the court'" and "'insulting language addressed to . . . a judge for or in respect of any act or proceeding had, or to be had, in such court, or like language used in his presence and intended for his hearing for or in respect of such act or proceeding.'" Bennett v. Commonwealth, 35 Va. App. 442, 452, 546 S.E.2d 209, 213 (2001) (quoting Code § 18.2-456).

Here, the record does not affirmatively establish that the conduct for which Forbes was convicted of contempt—i.e., interrupting a court proceeding by willfully shouting an insolent comment in the presence of the judge in open court shortly after being cautioned regarding a similar outburst—does not constitute "[m]isbehavior in the presence of the court" or the use of "insulting . . . or like language used in [the judge's] presence and intended for his hearing." Code § 18.2-456. Forbes testified at the show cause hearing that he "thought [the judge] had left [or was leaving] the room" when he made the statement for which he was convicted. However, the trial court judge expressly found Forbes's testimony incredible, stating, "I never moved out of my seat," and nothing in the record affirmatively refutes that finding. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." (citation omitted)); Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (noting that, in weighing the evidence, "the fact finder is not required to believe all

aspects of a defendant's statement or testimony; the judge . . . may reject that which it finds implausible, but accept other parts which it finds to be believable").  Because the record does not affirmatively show that a miscarriage of justice occurred with respect to Forbes's conviction for contempt, we hold that the "ends of justice" exception to Rule 5A:18 does not apply in this case.

Consequently, Rule 5A:18 bars Forbes from raising his claim of insufficient evidence for the first time on appeal.

### III.  CAPIAS AND POST-CONVICTION BOND MOTION

Forbes contends, on appeal, that the trial court erred in issuing a capias directing his immediate return to jail without benefit of a court hearing and in failing to conduct a hearing on his post-conviction motion to set an appeal bond and suspend the execution of the balance of his sentence pending the appeal.  Thus, Forbes concludes, this Court "should clearly state that the circuit court's actions were unlawful."  In response, the Commonwealth contends that we must dismiss the instant claims of error because they are now moot.  We agree with the Commonwealth.

"As a general rule, '[m]oot questions are not justiciable and courts do not rule on such questions to avoid issuing advisory opinions.'"  In re Times-World Corporation, 7 Va. App. 317, 323, 373 S.E.2d 474, 476 (1988) (quoting United States v. Peters, 754 F.2d 753, 757 (7th Cir. 1985)).  This is so because

> "[t]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).  Indeed,

> "[w]henever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed it has

- 9 -

> ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded. Only real controversies and existing rights are entitled to invoke the exercise of their powers."

Id. at 643-44, 29 S.E.2d at 832 (quoting Franklin v. Peers, 95 Va. 602, 603, 29 S.E. 321, 321 (1898)); see also Baldwin v. Commonwealth, 43 Va. App. 415, 421, 598 S.E.2d 754, 757 (2004) ("'[A] case is moot when the issues presented are no longer "live,"' Powell v. McCormack, 395 U.S. 486, 496 (1969), because 'an actual controversy must be extant at all stages of review,' to escape the notion that a case is moot, Preiser v. Newkirk, 422 U.S. 395, 401 (1975).").

> "It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal."

Hankins, 182 Va. at 644, 29 S.E.2d at 832 (quoting Mills, 159 U.S. at 653).

Here, it is clear from the record that no decision by this Court on the two instant claims of error can in any way affect Forbes's contempt conviction or the sentence imposed for it, which has already been fully served. In other words, even if we were to decide the remaining issues in Forbes's favor, it is impossible for us to grant him any effectual relief.

Forbes asserts that this Court's "resolution of those issues [could] affect[] such additional factors as the payment of fines and/or costs" and that his "arrest . . . on the capias may appear on a CCRE report as a separate incident." We find no evidence in the record, however, that supports those assertions. Indeed, nothing in the record indicates that additional fines or costs were imposed against Forbes in connection with his rearrest on the capias following his release from jail. Nor does anything in the record suggest that the rearrest would appear on a CCRE report as a separate incident. As an appellate court, we "must dispose of the case upon the record

- 10 -

and cannot base [our] decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Furthermore, it was Forbes's burden to provide a sufficient record to support his claims. See Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) ("[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed.").

Because it is impossible for us to grant him any effectual relief, we hold that Forbes's claims of error regarding the issuance of the capias and the denial of his post-conviction bond motion are moot. See Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (holding that appellant's "claim to *pretrial* bail was moot once he was convicted . . . because even a favorable decision on it would not have entitled [him] to bail" and he "no longer had a legally cognizable interest in the result in [the] case" because he "had not prayed for damages nor . . . sought to represent a class of pretrial detainees").

There are, however, two exceptions to the mootness doctrine. First, cases involving voluntary cessation of allegedly illegal activity are exempted from the mootness doctrine. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (noting that, "as a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot'" (quoting United States v. W. T. Grant Co., 345 U.S. 629, 632 (1953))); City of Virginia Beach v. Brown, 858 F. Supp. 585, 590 (E.D. Va. 1994). Second, cases that are "'capable of repetition, yet evading review'" remain justiciable. State Water Control Bd. v. Appalachian Power Co., 12 Va. App. 73, 75, 402 S.E.2d 703, 705 (1991) (en banc) (quoting Murphy, 455 U.S. at 482); In re Times-World Corp., 7 Va. App. at 323, 373 S.E.2d at 477.

Neither exception to the mootness doctrine applies here, however.  This case does not involve the voluntary cessation of allegedly illegal activity.  The only cessation in this case concerning Forbes's present claims was the conclusion of Forbes's sentence.  Such a cessation does not constitute "voluntary cessation" as contemplated by the Supreme Court in <u>Davis</u>.

Moreover, the second exception "only applies when '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, *and* (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.'"  <u>Brown</u>, 858 F. Supp. at 589-90 (emphasis added) (quoting <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975)).  Here, while the challenged actions of the trial court were arguably too short in duration to be fully litigated prior to their cessation or expiration, there is no reasonable expectation that Forbes will ever be subjected to the same judicial actions again.  The confluence of circumstances that led to those actions was unique and is unlikely to recur.  <u>See</u> <u>Murphy</u>, 455 U.S. at 482 (holding that "a mere physical or theoretical possibility" is insufficient to satisfy the "capable of repetition, yet evading review" exception; rather, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party").

Accordingly, we "'"will not proceed to a formal judgment but will dismiss"'" the instant claims of error.  <u>Hankins</u>, 182 Va. at 644, 29 S.E.2d at 832 (quoting <u>Mills</u>, 159 U.S. at 653); <u>see</u> <u>Jackson v. Marshall</u>, 19 Va. App. 628, 635, 454 S.E.2d 23, 27 (1995) (stating that "[d]ismissal is the proper remedy" when an appeal is moot).

## IV.  CONCLUSION

For these reasons, we affirm Forbes's contempt conviction and dismiss as moot that portion of these consolidated appeals concerning the subject capias and post-conviction bond motion.

<u>Affirmed, in part,</u>
<u>and dismissed, in part.</u>
