COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and McClanahan
Argued at Alexandria, Virginia


PAMELA L. CAVE
                                                MEMORANDUM OPINION* BY
v.        Record No. 0453-08-4                  JUDGE LARRY G. ELDER
                                                     MARCH 4, 2009
GEORGE R. OPRIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

Pamela L. Cave, *pro se*.

No brief or argument for appellee.


Pamela Cave (appellant) appeals the trial court's decision dismissing her petition to

establish paternity. Appellant asserts eight assignments of error, but essentially argues that the

trial court erred in ruling that it did not have jurisdiction to issue a court-ordered paternity test

pursuant to Code § 20-49.1 prior to the birth of her child. Because appellant has given birth and

established the paternity of the child, we conclude that the argument is moot and dismiss the

appeal.

I.

BACKGROUND

The dispute stems from an alleged sexual encounter between appellant and George Opria,

a major in the United States Marine Corps. Appellant subsequently became pregnant. Appellant

informed Opria of her pregnancy, and he reportedly requested that she have an abortion. When

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant opted not to go through with the procedure, Opria responded negatively and refused to acknowledge paternity.

Appellant had no health insurance and sought to receive health benefits covering her pregnancy from the Marine Corps. The Marine Corps required proof of parentage by a paternity test before extending benefits to appellant. Appellant contacted Opria, but he refused to take a paternity test. Appellant requested the trial court to order a prenatal paternity test under Code § 20-49.1 to establish paternity prior to the birth of her child in an attempt to obtain the necessary medical coverage in case complications arose during the pregnancy.

The trial court dismissed appellant's petition, holding that Code § 20-49.1 precluded a party from requesting a paternity test when the child was not yet born. Based on the statutory language, the trial court reasoned the legislature "intended that the child be in existence at the time the court entered the order." Specifically, the trial court found that it could not transmit to the State Registrar of Vital Records the "full name and date and place of birth of the person whose parentage has been determined," pursuant to Code § 20-49.8(C). Thus, it could not enter a valid final order requiring Opria to submit to a prenatal paternity testing procedure.

II.

ANALYSIS

The crux of appellant's prayer for relief is that she required a prenatal paternity test in order to establish Opria as the father of the child prior to its birth in order to obtain access to maternity and post-maternity medical benefits from the Marine Corps. The trial court concluded that it had no authority to issue a final order regarding a paternity test prior to the child's birth. The trial court rendered its decision on February 15, 2008, when appellant was approximately two-and-a-half to three months pregnant. Appellant filed her opening brief in this Court on July 8, 2008, at which time she would—under normal circumstances—have been almost eight

months pregnant. At oral argument, appellant admitted that she had given birth to the child and had determined the paternity of the child in a separate proceeding. Therefore, her request for a prenatal paternity test is moot.

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); see U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980). "'[C]ourts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative.'" Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998) (quoting City of Fairfax v. Shanklin, 205 Va. 227, 229-30, 135 S.E.2d 773, 775-76 (1964)). This Court is empowered to decide only actual controversies and must dismiss those appeals that have no legal utility. See Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944); Jackson v. Marshall, 19 Va. App. 628, 635, 454 S.E.2d 23, 27 (1995).

In this case, appellant has not shown that this Court can provide her effective relief. The trial court declined to hold that its dismissal for lack of jurisdiction would preclude appellant from relitigating any issues related to the pregnancy after the child was born. Appellant may, if she so desires, proceed under Code § 20-49.8 to recover any unpaid medical expenses relating to the pregnancy and birth of her child. See Code § 20-49.8 ("A judgment or order establishing parentage . . . may direct either party to pay the reasonable and necessary unpaid expenses of the mother's pregnancy and delivery or equitably apportion the unpaid expenses between the parties."). Thus, there is no actual controversy under appellant's Code § 20-49.1 appeal that requires this Court to render what would otherwise be an advisory opinion regarding prenatal testing.

Because appellant's child has been born and paternity has been established, her appeal concerning a prenatal paternity test is moot and is dismissed.

<u>Dismissed</u>